FILED BY _AW_   D.C.

**Jul 6, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.   26-mj-03189-Sanchez

**UNITED STATES OF AMERICA**

**v.**

**TREVOR ALAN SEIDEL,**

**Defendant.**

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?    No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?    No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?    No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?    No

5. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:     _/s/ Juan Carlos Valiente_
Juan Carlos Valiente
Assistant United States Attorney
Bar ID: 1039069
99 N.E. 4th Street
Miami, Florida 33132
Telephone: (305) 961-9123
E-mail: juan.valiente@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

United States of America )
v. )
)
Trevor Alan Seidel, )
)
)
Defendant. )

Case No.  26-mj-03189-Sanchez

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____ July 6, 2026 _____ in the county of _____ Miami-Dade _____ in the
_____ Southern _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 18 U.S.C. § 2252(a)(4)(B) and (b)(2) | Possession of Visual Depictions Involving the Sexual Exploitation of Minors; and |
| 18 U.S.C. § 2252(a)(1) and (b)(1) | Transportation of Visual Depictions Involving the Sexual Exploitation of Minors. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
Complainant's signature

Brian H. Bearekman, Special Agent, HSI
Printed name and title

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __FaceTime__

Date: __July 6, 2026__

_____
Judge's signature

City and state: _____ Miami, Florida _____

Hon. Eduardo I. Sanchez, United States Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Brian H. Bearekman, having first been duly sworn, do hereby depose and state the following:

## AGENT BACKGROUND

1.  I am a Special Agent with Homeland Security Investigations ("HSI"), Immigration and Customs Enforcement ("ICE"), and have been employed since December 2019. I am currently assigned to the Special Victims Group ("SVG") in Miami, Florida, where I investigate crimes involving the sexual exploitation of minors, such as traveling in foreign commerce with the intent to engage in sexually explicit conduct with minors and the production, possession, and transportation of child pornography, now commonly referred to as child sexual abuse material ("CSAM"). I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). That is, I am an officer of the United States who is empowered by law to conduct investigations of, and make arrests for, offenses enumerated in Title 18, United States Code, Sections 2422, 2423, 2251, and 2252.

2.  I completed the Criminal Investigator Training Program and HSI Special Agent Training Program at the Federal Law Enforcement Training Center ("FLETC"). At FLETC, I received instruction on investigative techniques, seizures of evidence and contraband, search warrants, and arrest warrants for violations of federal laws. I also graduated with a Bachelor of Science in Criminal Justice from Virginia Commonwealth University in December 2003.

3.  In my current role, I have participated in numerous investigations into persons who sexually exploit children, including by collecting and distributing CSAM. I have received training on investigating such offenses and, during the course of my duties, I have reviewed CSAM.

4.     The information set forth in this Affidavit is provided in support of the attached criminal complaint charging **Trevor Alan Seidel** ("**SEIDEL**") with violations of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2) (possession of child sexual abuse material) and 2252(a)(1) and (b)(1) (transportation of child sexual abuse material).

5.     The statements contained in this Affidavit are based upon my own personal knowledge of this investigation, my previous training and experience, and information obtained from other individuals, including law enforcement officers. Because this Affidavit is being submitted in support of a criminal complaint, it does not include every fact known to law enforcement about this investigation. Rather, it sets forth only the facts that I believe are necessary to establish probable cause that **SEIDEL** committed the aforementioned offenses.

## FACTUAL BACKGROUND

6.     On or about July 6, 2026, **SEIDEL** entered the United States at PortMiami, Terminal B, via a Norwegian Cruise Line cruise from the Bahamas.

7.     Upon arriving at primary inspection, **SEIDEL** was selected for a secondary inspection by a U.S. Customs and Border Protection ("CBP") officer. In secondary inspection, a CBP officer inspected **SEIDEL**'s personal property, including his Apple iPhone 15 Plus (the "Device"). **SEIDEL** told the CBP officer that he owned the Device and provided the passcode to the Device to the CBP officer.

8.     The CBP officer subsequently conducted a manual review of the Device, pursuant to CBP's border search authority. During this review, the CBP officer discovered numerous photos and videos depicting minors engaged in sexually explicit conduct. These CSAM files included depictions of prepubescent minors.

2

9.      Thereafter, on that same date, your Affiant responded to PortMiami and also conducted a manual review of the Device, pursuant to HSI's border search authority. My review of the Device revealed numerous CSAM files in the "Zangi"[1] application of the Device. Additionally, the Device's photo gallery—both in the standard photo gallery and in a hidden album that required the Device's passcode—also contained CSAM files. The CSAM files located on the Device included:

a.   A video, approximately 4 minutes and 6 seconds in length, depicting a naked prepubescent female performing oral sex on an adult male. The adult male also performed oral sex on the prepubescent female and attempted to have vaginal sex with the prepubescent female.

b.   A video, approximately 1 minute and 34 seconds in length, depicting a prepubescent female performing oral sex and manual stimulation on an adult male. The prepubescent female subsequently exposed her genitals.

c.   A video, approximately 1 minute and 52 seconds in length, depicting an adult male having anal sex with a prepubescent female.

d.   A video, approximately 1 minute and 33 seconds in length, depicting a naked prepubescent female performing oral sex on an adult male.

e.   A video, approximately 33 seconds in length, depicting a naked prepubescent female masturbating.

10.     Law enforcement conducted an audio-recorded interview of **SEIDEL** at PortMiami. Prior to questioning **SEIDEL**, law enforcement advised him of his *Miranda* rights. **SEIDEL** stated that he understood his rights, waived them, and agreed to speak with law enforcement. In a post-*Miranda* interview, **SEIDEL** stated that he did not know the reason why he was detained. Law enforcement advised **SEIDEL** that items of concern were found on the

---

[1] Zangi is an application that "routes calls and messages through [a user's] private number with end-to-end encryption." Zangi, http://zangi.com/ (last visited July 6, 2026). Zangi tell its users, "Your data lives only on your device — we can't see it, and neither can anyone else." *Id.* Zangi promises "no data collection" and "communication without trace." *Id.*

Device. **SEIDEL** nodded in affirmation. Law enforcement asked **SEIDEL** if he knew what those items were, and **SEIDEL** responded, "I do." Law enforcement then asked **SEIDEL** what those items were, and **SEIDEL** responded, "videos of girls." At that point, **SEIDEL** invoked his right to counsel.

## **CONCLUSION**

11.     Based on the aforementioned information, I respectfully submit that there is probable cause to believe that **SEIDEL** did knowingly commit violations of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2) (possession of child sexual abuse material) and 2252(a)(1) and (b)(1) (transportation of child sexual abuse material).

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
BRIAN H. BEAREKMAN
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Attested to by the Applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by FaceTime this 6th day of July 2026.

_____
HONORABLE EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

4